Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8514 | **DATE** | 11/2/2012 |
| **CASE TITLE** | U.S. ex rel. Henry Gibbs, Jr. (#2008-0073343) vs. State of Indiana | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the "petition for a writ of habeas corpus extraordinary relief" is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 2243 for failure to exhaust state court remedies prior to seeking federal habeas relief, as well as pursuant to the *Younger* abstention doctrine. The case is terminated.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

    Henry Gibbs, a detainee in the custody of the Cook County Department of Corrections, has filed a *pro se* "petition for a writ of habeas corpus extraordinary relief" presumably pursuant to 28 U.S.C. § 2241. The petitioner seems to be challenging a warrant for his extradition to Indiana.

    The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Furthermore, to the extent that the petition is seeking habeas relief, venue does appear to exist in this district in light of the petitioner's current incarceration at the Cook County Jail. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n. 15 (1973) (district court in district of confinement has habeas jurisdiction over attack on another state's detainer); *see also Gee v. State of Kansas*, 912 F.2d 414, 416 ("Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus") (collecting cases). However, the petition is summarily dismissed for failure to exhaust state court remedies prior to filing suit, as well as pursuant to the *Younger* abstention doctrine.

    The initial pleading is labeled as a petition for a writ of habeas corpus, and the relief sought is for the extradition to be quashed and for the petitioner given "a chance to defend himself in court." (Petition, p. 4.) Nevertheless, much of the petition focuses on alleged mistreatment by Indiana police officers and their asserted failure to follow standard protocol. If the petitioner wishes to sue Indiana police for any purported constitutional violations, he must do so either in the appropriate Indiana federal court (the petition does not make clear where **(CONTINUED)**

mjm

the arrest occurred), or in state court. *See* 28 U.S.C. § 1391(b) (governing venue for federal civil actions); 28 U.S.C. § 94 (mapping Indiana federal courts' districts and divisions). As the petitioner has been previously advised, he has "struck out" under 28 U.S.C. § 1915(g). *See, e.g., Gibbs v. Bonaparte*, Case No. 11 C 7240 (N.D. Ill.), Minute Order of October 20, 2011 (Coleman, J.); *Gibbs v. Thomas*, Case No. 12 C 6317 (N.D. Ill.), Minute Order of October 10, 2012 (Coleman, J.). Therefore, any new federal civil actions must be accompanied by the full statutory filing fee in the absence of imminent danger of serious physical injury. *See* Section 1915(g).

Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 1973). Furthermore, while applicants for relief under Section 2241 are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Braden*, 410 U.S. at 489-92. The exhaustion doctrine requires a petitioner to use available state procedures to pursue his or her claim before seeking federal habeas corpus relief, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2005) (citations omitted). Illinois state courts have recognized the availability of habeas to challenge extraditions. *See, e.g., People ex rel. Shockley v. Hardiman*, 152 Ill. App. 3d 38 (1987) (state habeas appeal ruling on the propriety of a Florida request for extradition).

To provide the State with the necessary "opportunity," the prisoner must "fairly present" his or her claim at each level of review in the state court system (including a state supreme court with powers of discretionary review) so that the state courts are alerted to the federal nature of the claim. *Baldwin*, 541 U.S. at 29. In most cases, courts will not consider claims that can be raised at trial and in subsequent state proceedings. *Id.* Here, there is no indication whatsoever that the petitioner has exhausted state court remedies. As the petitioner has not exhausted state court remedies, his federal habeas petition is not ripe for review.

Furthermore, irrespective of concerns of exhaustion, federal courts are largely prohibited from interfering in pending state criminal proceedings, in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965); *Village of Depue, Illinois v. Exxcon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). This case appears to meet the criteria for *Younger* abstention, *see* factors set forth in *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996), and the court is not satisfied that "extraordinary" circumstances exist, such as official bad faith or harassment involved in the enforcement of state laws, so as to justify an exception to the abstention rule. *Younger*, 401 U.S. at 4; *Arkebauerv. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). Despite the petitioner's allegations of police misconduct, under the facts of this case, the district court discerns no basis for intervening in ongoing state criminal proceedings.

For the foregoing reasons, the petition is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 2243 for failure to exhaust state court remedies as well as pursuant to *Younger, supra*. The case is terminated.

The petitioner, a highly experienced litigator, is reminded for reference in any future cases that he is required to provide the court with the original plus a judge's copy of every document filed.